IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KESTREL HOLDINGS I, L.L.C., | § § | Case No. 1:04-MBD-10068-NG |
| Plaintiff, | § § § | |
| | § § | **DEFENDANTS' RESPONSE TO** |
| | § § | **PLAINTIFF'S MOTION TO** |
| | § | **COMPEL DISCOVERY** |
| LEARJET INC. AND BOMBARDIER INC., | § § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION SHOULD BE DISMISSED BECAUSE THERE WAS NO DISCOVERY REQUEST ISSUED TO DEFENDANTS AND PLAINTIFF HAS NOT SERVED THE PERSON UPON WHOM THE RULE 45 SUBPOENA WAS SERVED WITH THE MOTION TO COMPEL**

COME NOW DEFENDANTS, LEARJET INC. and BOMBARDIER INC., through counsel, urging this Court to dismiss Plaintiff's Motion to Compel Discovery due to a lack of jurisdiction over Defendants for enforcement of the Fed. R. Civ. P. 45 subpoena duces tecum served upon Thomas W. Eagar. Moreover, the Plaintiff has failed to comply with the provisions of Fed. R. Civ. P. 45(c)(2)(B) regarding its Motion to Compel Production of Documents by Mr. Eagar. Plaintiff has not served Mr. Eagar with the Motion to Compel after Mr. Eagar filed timely objections to the subpoena duces tecum. Alternatively, should this Court decide not to dismiss the Plaintiff's Motion to Compel Discovery outright due to lack of jurisdiction, the Defendants respectfully request that this discovery dispute involving the Defendants be transferred to the United States District Court, District of Kansas, where the underlying litigation is pending. In the event that Mr. Eagar is made a party to this

matter through proper service, he should be provided fair opportunity to defend his objections to the production of personal and confidential financial information which is not relevant nor likely to lead to any admissible evidence in the Kansas litigation.

### A. Introduction

1.      This Court lacks jurisdiction over the Defendants in the above styled matter because there has been no subpoena issued to them in this jurisdiction. Likewise, the Court lacks jurisdiction at this time to enforcement the Fed. R. Civ. P. 45 subpoena duces tecum served on Thomas W. Eagar because Mr. Eagar has not been served with a Motion to Compel nor appeared in this action.

2.      Mr. Eagar has been designated as an expert witness by the Defendants in a commercial litigation pending in the U.S. Distict Court for the State of Kansas. Mr. Eagar is a professor at M.I.T. and a resident of Massachusetts. Plaintiff failed to timely seek discovery of certain documents and information from Defendants pertaining to their experts and, rather than negotiate the production of pertinent information, served a Fed. R. Civ. P. 45 subpoena duces tecum issued under authority of this Court upon Mr. Eagar individually on or about February 11, 2004. Plaintiff failed to even serve Defendants with a copy of that subpoena as required under Fed. R. Civ. P. 45(b)(1).   On February 23, 2004, Mr. Eagar timely filed his objections to the subpoena duces tecum, per Fed. R. Civ. P. 45 (c)(2)(B). Mr. Eagar has not been personally served with a Motion to Compel production of the documents, as required by Fed. R. Civ. P. 45 (c)(2)(B), nor has he made any appearance before this Court upon which personal jurisdiction would attach.

3.      This Motion to Compel Discovery has been filed against BOMBARDIER INC. and LEARJET INC., Defendants in the Kansas litigation.   There has been no subpoena

served upon Defendants in this jurisdiction. Likewise, Plaintiff's effort to serve Mr. Eagar by providing a copy of the instant Motion to Compel upon counsel for Defendants LEARJET INC. and BOMBARDIER INC. is ineffective. At no time has counsel for Defendants agreed to accept service of process on behalf of Mr. Eagar with regards to any Motion to Compel. As a result, Plaintiff has not complied with the requirements of Fed. R. Civ. P. 45 (c)(2)(B) regarding the Motion to Compel. In a nutshell, Plaintiff has properly served the wrong parties, but not even attempted to serve the right party. This Court has no jurisdiction.

### B.  Facts

4.      On or about February 11, 2004, Plaintiff served Defendants' expert witness, THOMAS W. EAGAR, with a subpoena duces tecum requesting his production of eleven sets of documents. The response to the subpoena was due on February 24, 2004. Several of those documents had previously been produced to Plaintiff in the underlying litigation pending in Kansas in the normal course of discovery. This included the disclosure of expert information which is required under Fed. R. Civ. P. 26(a)(2). Up until the filing of Defendants' Rule 26(a)(2) Disclosures, Plaintiff had not asked for additional documents or information relating to the experts in the course of discovery in the Kansas litigation. Due to discovery deadlines imposed by the Kansas Court, Plaintiff did not have time to file normal discovery for such information against Defendants. Rather than negotiate and accept voluntary production of pertinent documents, Plaintiff served the Fed. R. Civ. P. 45 subpoena on Mr. Eagar. A copy of the Subpoena is attached hereto for the Court's convenience as Exhibit "A."

5.     Mr. Eagar responded to the Massachusetts subpoena duces tecum by properly submitting his objections to Plaintiff on February 23, 2004. Mr. Eagar also attempted to file his objections with this Court. However, the Clerk of this Court returned all copies of the Objection, file stamped, stating they could not be filed as a case was not pending. A copy of the Objection to Subpoena is attached as Exhibit "B."

6.     Plaintiff filed the instant Motion to Compel Discovery on March 3, 2004, naming BOMBARDIER INC. and LEARJET INC. as Defendants and serving the Motion upon their counsel, but not upon Mr. Eagar, the individual upon whom the subpoena duces tecum was served. Plaintiff misrepresents to the Court that Mr. Ron A. Sprague, of Gendry & Sprague, P.C., had previously appeared for Mr. Eagar in connection with this matter by listing Mr. Sprague in that capacity in its Certificate of Service. In fact, in attempting to negotiate a resolution of this issue, Mr. Sprague had previously advised Plaintiff's counsel that:

> "Should you choose to open collateral proceedings in other jurisdictions instead of negotiating a sensible resolution of this matter, be advised that my office will represent the respective experts, with the assistance of local counsel if necessary."

Insofar as Plaintiff has not yet instituted a collateral action against Mr. Eagar by serving him with a Motion to Compel, counsel has not yet appeared for or on behalf of Mr. Eagar.

### C. Argument

7.     Because Plaintiff served Thomas Eagar with the Rule 45 subpoena and served the Motion to Compel Discovery only upon counsel for the Defendants, LEARJET INC. and BOMBARDIER INC., Plaintiff's Motion to Compel Discovery has been incorrectly directed. Defendants' counsel has not made an appearance on behalf of Mr. Eagar, nor

-4-

has counsel agreed to be served with the a Motion to Compel or otherwise overrule the witness' objection to the subpoena duces tecum. Furthermore, Defendants LEARJET INC. and BOMBARDIER INC. have no outstanding discovery requests to respond to. For these reasons, Defendants urge this Court to dismiss this Motion to Compel.

8.     Should this Court determine there are outstanding discovery matters to be addressed between Plaintiff and Defendants, Defendants contend jurisdiction properly exists in the District of Kansas and would urge this Court to decline to exercise any of its authority, but defer to the jurisdiction of the District of Kansas where the underlying litigation is pending.

9.     Plaintiff's Motion to Compel urges this court to hold Mr. Eagar and/or his attorneys in contempt for failing to obey the subpoena "without adequate excuse." Mr. Eagar has not been properly served with the Motion to Compel and, regardless, is not subject to any sanction for exercising his rights under Fed. R. Civ. P. 45 (c)(2)(B). Counsel for Defendants have done nothing warranting the imposition of any attorney costs, fees, or a finding of contempt because the discovery made the basis of Plaintiffs' Motion is not even directed at them. Indeed, both Mr. Eagar and the Defendants had adhered to the Federal Rules of Civil Procedure to the letter. It is the Plaintiff who has disregarded both the letter and spirit of the rules of discovery.

## D.  Conclusion

10.     Defendants, LEARJET INC. and BOMBARDIER INC., are not proper parties before this Court. There has been no subpoena served upon them in Massachusetts. The rules do not permit Plaintiff to hale Defendants into Court in Massachusetts seeking discovery in a case pending in Kansas when no discovery has been sought from them in

this jurisdiction.  Conversely, Mr. Eagar is not yet before this Court because Plaintiff has not even attempted to serve him with Plaintiff's Motion to Compel discovery pursuant to Fed. R. Civ. P. 45 (c)(2)(B).  Therefore, the Defendants respectfully request this Court to dismiss this matter due to lack of jurisdiction.

### E.  Request for Oral Argument

11.    Defendants request Oral Argument on this matter.

### F.  Prayer

12.    For these reasons, Defendants ask the Court to dismiss Plaintiff's Motion to Compel Discovery and order Plaintiff to pay Defendants for reasonable expenses and costs incurred in opposing Plaintiff's Motion, including attorney's fees.  For the Court's convenience, a proposed Order is attached to this Response.

Respectfully submitted,

Richard L. Edwards, BBO 151520
Brian P. Voke, BBO 544327
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, Massachusetts 02129
(617) 241-3000 - telephone
(617) 241-5115 - facsimile

ATTORNEYS FOR LEARJET INC. AND BOMBARDIER INC., DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Response to Plaintiff's Motion to Compel Discovery was served via U. S. Mail, postage prepaid, on this *17th* day of March, 2004, addressed to the following:

Mr. David A. Bunis
Mr. Nicholas J. Walsh
600 Atlantic Avenue
Boston, Massachusetts 02210-1122

Mr. Gary D. Justis
Lathrop & Gage, L.C.
10851 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210-1669

Mr. William P. Sampson
Mr. Matthew C. Miller
Shook, Hardy & Bacon, L.L.P.
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210-1671

Richard L. Edwards
Brian P. Voke

g:\ras\kestrelholdings\respmtncompel.ma