IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KESTREL HOLDINGS I, L.L.C.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEARJET INC. and BOMBARDIER INC.,<br><br>　　　　Defendants. | 04-MBD-10068-NG |

## **PLAINTIFF'S PETITION FOR FEES AND COSTS**

　　　　Plaintiff Kestrel Holdings I, L.L.C. ("Kestrel"), through counsel and pursuant to this Court's April 7, 2004 Order, respectfully submits this petition for reasonable attorneys' fees and costs related to the service of the Rule 45 subpoena duces tecum on defense expert Thomas Eagar and Kestrel's subsequent motion to compel discovery from Dr. Eagar.  Kestrel is filing this fee application thirty (30) days after April 21, 2004, the day Dr. Eagar was to fully comply with this Court's April 7, 2004 Order, even though Kestrel still disputes that Dr. Eagar has fully complied with such Order, or that he is entitled to be compensated by Kestrel (as he claims) for the time and expenses he has allegedly incurred in complying with such Order.  The parties are still conferring on these remaining disputes, and Kestrel will use all good faith efforts to resolve such disputes without further Court intervention.  In the meantime, to avoid any argument that Kestrel's fee application is somehow untimely, Kestrel states the following in support of its current fee application:

　　　　1.　　Kestrel's reasonable fees and expenses related to the service of Dr. Eagar's Rule 45 subpoena and the subsequent motion to compel against him are $13,551.53, as detailed in

Exhibit A attached hereto.  In further support of this amount, Kestrel refers the Court to the Affidavits of Kestrel's lead counsel Gary D. Justis (Exhibit B hereto) and Kestrel's local counsel Nicholas J. Walsh (Exhibit C hereto).

2. Gary D. Justis is a Kansas City area attorney with thirteen years of experience with the law firm of Lathrop & Gage L.C.  He has been a partner with Lathrop & Gage since 1998.  His $250.00 hourly rate is consistent with attorneys with his experience and expertise in the Kansas City area.  Mr. Justis also supervises David R. Frye, an associate at Lathrop & Gage L.C. with eight years of experience.  Mr. Frye's $190.00 hourly rate is also consistent with attorneys with his experience and expertise in the Kansas City area.  The standard hourly rates of both Messrs. Justis and Frye are significantly less than Boston area attorneys with similar experience and expertise.

3. David A. Bunis is a Boston area attorney and a partner at Dwyer & Collora with over seventeen years of experience.  His $395.00 hourly rate is consistent with attorneys with his experience and expertise in the Boston area.  To ensure that Kestrel's fee application is more than reasonable, Kestrel's fee application does not include any of Mr. Bunis' time spent on this matter other than 1.8 hours associated with his initial consultation with Mr. Justis and his initial review of the Rule 45 subpoena and the issues surrounding Dr. Eagar's and defendants' objections and the subsequent motion to compel.  *See* Exhibits A and C hereto.

4. Mr. Bunis also supervises Nicholas J. Walsh, an associate at Dwyer & Collora. Mr. Walsh's $195.00 hourly rate is also consistent with attorneys with his experience and expertise in the Boston area and is well within the range of reasonable rates for local counsel.  To keep Kestrel's fees at a minimum, Mr. Walsh took the lead as local counsel in this matter.

5.    Plaintiff's fee application includes the time and expense associated with Mr. Justis travel to and from and appearance at the April 7, 2004 hearing. His presence at the hearing was necessary because of his knowledge of the underlying case and events surrounding the motion to compel. With respect to travel time, Kestrel's fee application only includes Mr. Justis' actual air travel time (and time spent in Chicago O'Hare's connecting airport) and not portal-to-portal time typically billed by attorneys.

6.    Kestrel also prevailed on its motions to compel discovery against two other defense experts in the Northern District of Illinois and the Northern District of Oklahoma, and were awarded fees and costs in those jurisdictions. Kestrel's fee application in this Court is significantly higher than the other two courts since the issues were broader and since Kestrel had to respond not only to Dr. Eagar's original objections, but two different responses filed both by defendants and, subsequently, Dr. Eagar himself. The fee application is also higher because it takes more time to travel between Kansas City and Boston than it does to travel between Kansas City and Chicago or Tulsa, the locations of the other two hearings. The Court should note that Mr. Justis did everything possible to keep expenses at a minimum, even to the point of staying in a very inexpensive Boston hotel the night before the hearing.

7.    Defense counsel has made several arguments against Kestrel's fee applications in the other two jurisdictions. In the Northern District of Illinois, defense counsel argued that the court awarded only the reasonable fees and expenses associated with "drafting" the motion to compel. Kestrel disagrees with this argument and respectfully suggests that the motion to compel process goes well beyond the simple "drafting" of the motion. Most of the time spent on the motion to compel against Dr. Eagar included review and legal research associated with the

responses filed both by defendants and Dr. Eagar himself, and the actual travel between, preparation for and argument of the motion before this Court on April 7, 2004.

8.     Defense counsel has also argued that Mr. Justis' $250.00 standard hourly rate is too high for his expertise and thirteen years of experience. As stated above, Mr. Justis' rate is consistent with attorneys in the Kansas City area for his level of experience and expertise, and is actually far below Boston area attorneys with the same level of experience and expertise. In this respect, Mr. Justis' significant work on this matter kept Kestrel's fees down (as opposed to Boston counsel with higher rates and without the background knowledge of this case).

9.     Defense counsel has also argued that Lathrop & Gage's fees should not be awarded since it has a contingent fee arrangement with Kestrel. To support this argument, defense counsel believes that Kestrel will, in effect, receive a double recovery. To the contrary, like any other contingent fee case at Lathrop & Gage, its attorneys have kept track of their time and expenses associated with the matter pending before this Court and will bill it out separately to avoid any double billing. Surely, defense counsel cannot reasonably suggest that attorneys who handle cases on a contingent fee basis cannot be awarded fees as a sanction on a discovery motion.

10.    Defense counsel has also argued that Kestrel has duplicated time entries in the other two jurisdictions for time spent on drafting the motion to compel and memorandum in support. This is not true, especially with Dr. Eagar, who is the only defense witness from whom Kestrel sought financial records. Also, any time that was common to the respective motions to compel in the three jurisdictions was split evenly between the three fee applications.

11.     Defense counsel has also argued that Kestrel's fees should be greatly reduced because Kestrel did not attempt to negotiate the Rule 45 subpoenas in good faith.  This argument was made at the April 7, 2004 hearing and rejected by this Court.

12.     Defense counsel has also argued that any award of fees and expenses should not be payable to Lathrop & Gage because of its contingent fee arrangement with Kestrel.  Again, Lathrop & Gage will bill out its fees and expenses separately on this matter depending on the amount awarded by this Court.  Also, Lathrop & Gage has and will continue to pay its local counsel at Dwyer & Collora, which will be reimbursed by the fees and expenses awarded by this Court.

WHEREFORE, for the foregoing reasons and the reasons stated by the Court at the April 7, 2004 hearing and in its Order of the same date, Kestrel respectfully requests that the Court grant its application for reasonable fees and expenses related to service of the Rule 45 subpoena and the motion to compel discovery against defendants' expert Thomas Eagar in the amount of $13,551.53; and for such and other further relief as the Court deems just and proper under the circumstances.

>Respectfully submitted,
>KESTREL HOLDINGS I, L.L.C.,
>By its attorneys,
>
>     /s/ Nicholas J. Walsh

| | |
|---|---|
| Gary D. Justis | Nicholas J. Walsh (BBO # 647702) |
| Lathrop & Gage L.C. | DWYER & COLLORA, LLP |
| 10851 Mastin Boulevard, Suite 1000 | 600 Atlantic Avenue |
| Overland Park, Kansas 66210-1669 | Boston, Massachusetts 02210-1122 |
| (913) 451-5144 | (617) 371-1000 |

**CERTIFICATE OF SERVICE**

I hereby certify that I caused copies of the above document to be served upon the persons listed below as indicated on May 21, 2004.

>     /s/ Nicholas J. Walsh
>     Nicholas J. Walsh

| BY FEDERAL EXPRESS | BY HAND DELIVERY |
|---|---|
| William R. Sampson, Esq.<br>Matthew C. Miller, Esq.<br>Shook, Hardy & Bacon L.L.P.<br>10801 Mastin Boulevard, Suite 1000<br>Overland Park, KS 66210-1671<br><br>*Attorneys For Defendants* | Richard L. Edwards<br>Campbell Campbell Edwards & Conroy, PC<br>One Constitution Plaza, Third Floor<br>Boston, MA 02129<br><br>**BY FEDERAL EXPRESS**<br><br>Ron A. Sprague<br>Gendry & Sprague, P.C.<br>645 Lockhill Selma<br>San Antonio, TX  78261-5057<br><br>*Attorneys for Defendants and Thomas Eagar* |